

U.S. Department of Justice

*CARMEN M. ORTIZ*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*   John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

February 5, 2010

Stephen G. Huggard, Esq.
Edwards Angell Palmer & Dodge, LLP
111 Huntington Avenue
Boston, MA 02109

Re:   Universal Group, Inc.

Dear Mr. Huggard:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts, the Environmental Crimes Section, Environment and Natural Resources Division of the U.S. Department of Justice, the United States Attorney for the Central District of California Angeles, (collectively "the government") and your client, Universal Group, Inc. ("Defendant"), in the above-captioned case. The Agreement is as follows:

1.   Change of Plea

At the earliest practicable date, Defendant shall plead guilty to the count in which it is named in the attached Information captioned United States v. Thomas A. Katz et al. Defendant expressly and unequivocally admits that it committed the crime charged in Count Two of the Information; did so knowingly, and is in fact guilty of that offense.

2.   Penalties

Defendant understands that the maximum statutory penalties applicable to a corporate defendant for count 2 of the Indictment include a fine of either $500,000 or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d), a term of probation of five years, pursuant to 18 U.S.C. § 3561(c)(1) and a special assessment of four hundred dollars, pursuant to 18 U.S.C. § 3013(a)(2)(B).

3.   Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing court,

subject to the statutory and maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder to the extent applicable. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of probation and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the Sentencing Guidelines:

The parties agree that the Sentencing Guidelines do not determine the fine range in cases involving environmental crimes (the offense of conviction) and a corporate defendant (in this case, an S corporation), pursuant to USSG §§ 8C2.1 and 8C2.10. Instead, the fine range is to be determined pursuant to 18 U.S.C. §§ 3553 and 3571.

4.   Corporate Authorization

Defendant agrees that undersigned counsel will appear on behalf of Defendant, pursuant to written authorization from Defendant, and enter the guilty plea and will also appear for the imposition of sentence.

5.   Sentence Recommendation

The parties agree to recommend the following sentence before the District Court:

(a)   Probation for three years;

(b)   Fine of $75,000

(c)   Mandatory special assessment of $400;

The parties agree that they will exchange expert reports, motions, memoranda of law and documentation of any kind on which they intend to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been exchanged at least twenty-one days before sentencing shall be deemed waived.

Defendant agrees that, at least thirty days prior to the date of sentencing, it will place the full amount necessary to pay the recommended fine amount into an account controlled by its attorney for the purpose of paying said fine in full upon being ordered to do so by the Court.

The parties agree that, any fine imposed is appropriately deposited, pursuant to 18 U.S.C. § 1861(e), into Account No. 26L7E02 established by the National Oceanic & Atmospheric Act,

Office of the General Counsel.

6.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7.  Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which has an interest without prior express written consent of the government, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 20,000;

(2) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing are satisfied in full.

Defendant further agrees that, prior to sentencing, it will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

8.  Waiver of Rights to Appeal and to Bring Collateral Challenge.

a.  Defendant has conferred with its attorney and understands that it has the right to challenge both its conviction and its sentence on direct appeal. Defendant also understands that it may, in some circumstances, be able to argue that its conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. §2255 or 18 U.S.C. §3582(c).

b.  The defendant waives any right it has to challenge its conviction on direct appeal or in collateral challenge.

c.  This Agreement does not affect the rights of the United States as set forth in 18 U.S.C. § 3742(b). Defendant expressly acknowledges that it understands the government has retained its appeal rights.

9.   Other Post-sentence Events

a.   In the event that, notwithstanding the waiver provision of ¶8(b), Defendant appeals or collaterally challenges his sentence, the government reserves the right to argue the correctness of the sentence imposed by the district court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in ¶8).

b.   If notwithstanding the waiver provision of ¶8(b), Defendant seeks re-sentencing, it agrees that it will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of the defendant's original sentencing, except to the extent that it has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless it has been found actually factually innocent of that prior crime.

c.   In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the government reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the government at Defendant's initial sentencing pursuant to this agreement.

10.   Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw its plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw its plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the government, the government reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

11.   Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning its assets.

12.   Civil Liability

By entering into this Agreement, the government does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of its conduct and its plea of guilty to the charges specified in paragraph 1 of this

4

Agreement.

13.   Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the government.

14.   Breach of Agreement

If the government determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime following its execution of this Agreement, the government may, at its sole option, be released from its commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available to it under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Further, the government may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by it of an obligation under this Agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that, should it breach any provision of this agreement, the government will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any information, materials, documents or objects which may be provided by it to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations or the Speedy Trial Act.

15.   Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, the Environmental Crimes Section, Environment and Natural Resources Division of the U.S. Department of Justice, and the U.S. Attorney for the Central District of California and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

16.   Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the government and Defendant, please have a duly authorized representative of the Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Nadine Pellegrini and a copy to Senior Trial Attorney Elinor Colbourn of the Environmental Crimes Section, Environment and Natural Resources Division, U.S. Department of Justice.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JAMES F. LANG
Chief, Criminal Division


By: _____
ELINOR COLBOURN
Senior Trial Attorney
Environmental Crimes Section
Environment & Natural Resources Division
U.S. Department of Justice

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth the agreement between Universal Seafood and the United States Attorney's Office for the District of Massachusetts and Environmental Crimes Section, Environment and Natural Resources Division of the U.S. Department of Justice, and the U.S. Attorney's Office for the Central District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crime to which Universal Group, Inc. has agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to Universal Group by its attorney. We have had sufficient time to meet and discuss the case. We have discussed the charges against Universal Group, possible defenses it might have, the terms of this Plea Agreement and whether Universal Group should go to trial. I am entering into this Agreement on behalf of Universal Group, having been duly authorized to do so, voluntarily, and knowingly because Universal Group is guilty of the offense to which it is pleading guilty and I believe this Agreement is in its best interest.

_____
Thomas A. Katz
President, Universal Group, Inc.

Date: 3/17/2010

I certify that Thomas A. Katz has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is duly authorized to enter into the Agreement on behalf of Universal Group, Inc., and does so freely, voluntarily and knowingly.

_____
Stephen G. Huggard, Esq.
Attorney for Defendant

Date: 3/22/10